

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2011

# Jose Xenos v. Nuria Slojund

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-4406

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Jose Xenos v. Nuria Slojund" (2011). *2011 Decisions.* Paper 1422.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/1422

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4406
_____

JOSE FREMONDE XENOS,
                                                    Appellant
v.

NURIA SLOJUND
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-04854)
District Judge:  Honorable James Knoll Gardner
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2011
Before:  McKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed : April 18, 2011)
_____

OPINION
_____


PER CURIAM.

Pro se appellant, Jose Fremonde Xenos, filed the underlying action pursuant to 42 U.S.C. § 1983 against Nuria Slojund, Esq., his court-appointed appellate attorney. Xenos complained about Slojund's actions during the course of his appeal from a state criminal proceeding which apparently ended adversely to him. The District Court dismissed Xenos' complaint sua sponte for lack of legal merit in accordance with 28 U.S.C. § 1915(e). For the reasons provided by the District Court, we agree and will affirm.

As the District Court explained, a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Because the complaint contains no allegations to suggest that Slojund is a state actor properly sued under § 1983, we conclude that the District Court did not err in dismissing Xenos' complaint.[1] Accordingly, we will summarily affirm the judgment of the District Court as no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[1] Any attack on the criminal proceeding itself or the sentence ultimately imposed falls within the purview of 28 U.S.C. § 2254, not an action filed under 42 U.S.C. § 1983.